28 F.3d 114
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Gene KELLY, Jr., Defendant-Appellant.
 No. 93-5283.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Kelly, who was convicted of second degree murder, appeals his sentence asserting the sentencing court's upward departure methodology (defendant's conduct was unusually brutal) was erroneous as "infliction of an injury" is an inherent element of second degree murder already included in the offense level. We disagree with Mr. Kelly's reasoning and affirm the sentence.
 
 
 3
 This is the second time Mr. Kelly has appealed his sentence. The sentencing court originally departed upwards for four stated reasons. We held three of the four stated reasons for the upward departure were invalid. We held the fourth reason, defendant's gratuitous infliction of injury upon the victim (see USSG 5K2.8) was a sufficient reason for upward departure. As we found three of the four stated reasons for upward departure to be invalid, we remanded with instructions to vacate the sentence and resentence. See United States v. Kelly, 1 F.3d 1137 (10th Cir.1993). The present appeal stems from the resentencing.
 
 
 4
 At the second sentencing,[2] the sentencing court announced its intention to depart upward based upon the grounds we approved in Kelly I, specifically USSG 5K2.8 (defendant's gratuitous infliction of injury upon his victim). The sentencing court based the degree of departure upon USSG 2A2.2. Section 2A2.2 provides for an increase of six levels in the base offense level if there was an assault that included permanent or life threatening bodily injury.
 
 
 5
 Mr. Kelly does not challenge the degree of departure (an increase of six in the base offense level). Rather, he asserts there can be no departure for the gratuitous infliction of injury, because second degree murder necessarily involves an infliction of injury.
 
 
 6
 Mr. Kelly misreads USSG 5K2.8. This section permits an upward departure in the base offense level if the sentencing court finds the defendant's conduct was "unusually heinous, cruel, brutal, or degrading to the victim." Examples of such extreme conduct include the "gratuitous infliction of injury" upon the victim. In Kelly I, we held the sentencing court's finding of Mr. Kelly's brutal conduct was supported by the evidence and was not clearly erroneous. We note the standard is not the mere infliction of injury, rather it is the brutality of defendant's conduct. The evidence fully supports this finding as we previously held.
 
 
 7
 Mr. Kelly offers no statutory or case law to support his arguments and neither can we find any. The plain language of the Guidelines mandates a finding of something more than an injury to the victim. It mandates a finding that the defendant's conduct was, inter alia, "unusually brutal," and indeed it was.
 
 
 8
 Mr. Kelly's complaint that the sentencing court erroneously relied upon USSG 2A2.2 is also without merit. Mr. Kelly asserts the court cannot use a sentencing guideline for assault in sentencing a defendant convicted of second degree murder because assault is an inherent element of second degree murder. Mr. Kelly misunderstands the sentencing court's reliance on USSG 2A2.2. The sentencing court permissibly used USSG 2A2.2 as an analogy only. Section 2A2.2 provided the court's rationale for choosing the level of departure, while USSG 5K2.8 provided the justification for the upward departure.
 
 
 9
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The parties did not dispute the facts at the second sentencing. We will not repeat the facts as they are set out in detail in Kelly I